IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:07CR66-1-HEH |
| ) | |
| JAMES SCOTT, JR., ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
(Defendant's Motion for Relief from Judgment or Order for
Remand or Resentencing Pursuant to Rule 60(D)(3))

On April 30, 2007, James Scott, Jr. ("Scott" or "petitioner") entered a plea of guilty to possession with intent to distribute five grams or more of cocaine base and possession of a firearm in furtherance of a drug trafficking crime. Following the preparation of a Presentence Report, Scott was sentenced to a total of 240 months of confinement. At issue during the sentencing hearing was the conversion of $7,898, seized from Scott at the time of his arrest, to drug weight for the purpose of calculating his sentencing guidelines. *See* U.S.S.G. § 2D1.1, Appl. n.5; *United States v. Kiulin*, 360 F.3d 456, 460 (4th Cir. 2004). Presently before the Court is Scott's third challenge to this element of the Court's calculation of his sentencing guidelines.

By Memorandum Opinion and Order entered on October 29, 2010, this Court denied Scott's initial 28 U.S.C. § 2255 motion. In that motion, Scott specifically claimed that the Court erred by attributing to petitioner, for the purposes of calculating the advisory sentencing guidelines range, an additional $7,898 worth of drugs. (Pet'r's Mot. Vacate Under 28 U.S.C. § 2255, Dk. No. 53.) In its Memorandum Opinion, the Court

rejected this claim on both statutory and constitutional grounds. *United States v. Scott*, No. 3:07CR66 (E.D. Va. Oct. 29, 2010).

On December 16, 2011, Scott filed a "Motion to Vacate Judgment" pursuant to Federal Rule of Civil Procedure 60(b)(4). This motion clearly challenged both his conviction and the sentence he received. In essence, he maintained that federal courts had no jurisdiction over his case and that his conviction and sentence were in effect void.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). In *Winestock*, the Fourth Circuit provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion:

2

> a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted).

Scott does not raise procedural defects in this Court's § 2255 review process in the motion at hand. Rather, Scott continues to challenge his underlying conviction. His motion, therefore, must be treated as a successive § 2255 motion. *Id.* The immediate motion will therefore be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Since Scott has not satisfied this prerequisite, a Certificate of Appealability will be denied.

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug 12, 2013
Richmond, VA

4